REYNOLDS ELECTRICAL & ENGINEERING CO., INC., Appellant, *v.* THE STATE OF NEVADA, THE NEVADA DEPARTMENT OF TAXATION, and the NEVADA TAX COMMISSION, Respondents.

No. 27107

January 3, 1997                                       930 P.2d 746

*Booker T. Evans,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, *John S. Bartlett,* Deputy Attorney General, Carson City, for Respondent.

# OPINION

*Per Curiam:*

Appellant Reynolds Electrical & Engineering Company, Inc. (REECo), under a management and operating contract with the United States, manages auctions of surplus federal government property. The Nevada Department of Taxation (Department) ordered REECo to pay state sales tax on sales of United States property. REECo appealed the order, and a Department hearing officer affirmed REECo's liability. The Nevada Tax Commission reviewed REECo's appeal and affirmed the hearing officer's determination. REECo sought judicial review, and the district court affirmed the Commission's order. We conclude that REECo is not a "retailer" under NRS 372.105 and therefore is exempt from sales tax liability. Accordingly, we reverse the judgment of the district court.

Reynolds Electrical & Engineering Company, Inc., a private, for-profit corporation, operating under a management and operating contract with the United States Department of Energy (DOE), administers the sale of United States government property at the Nevada Test Site. REECo conducts auction sales pursuant to extensive procedures set forth in the Federal Property Management Regulations (41 CFR § 101-45.304 (1995) ("Sales Procedures")), and is subject to DOE supervision throughout the liquidation process. Title to property is transferred directly from the United States to the purchaser. At no time does REECo hold title to the property. The purchaser pays REECo either in cash or by check made payable to REECo. REECo also handles the advertising and publicity for these government surplus sales.

The present dispute arose in April 1993 when the Nevada Department of Taxation served a Notice of Audit Deficiency ("Assessment") on REECo for the three-year period from January 1, 1990, through December 31, 1992. In the Assessment, the Department asserted that REECo owed a deficiency in sales and use tax. REECo paid part of the alleged deficiency, and filed a petition for redetermination regarding the remaining amount.

Subsequently, the Department held an evidentiary hearing. The hearing officer upheld that portion of the Assessment related to sales tax on the sale of United States property to private buyers. REECo appealed the hearing officer's order to the Nevada Tax Commission, which affirmed the decision. REECo then filed a

petition for judicial review in the district court. The district court affirmed the imposition of state sales taxes on REECo's sale of United States property to private buyers.

REECo brought this appeal challenging the district court's decision, claiming that it is inconsistent with Nevada statutes. Specifically, REECo claims that it does not meet the statutory definition of a retailer, and therefore is not subject to Nevada sales tax. Alternatively, REECo claims that the imposition of state sales tax on sales of United States property invalidly infringes on the federal government's constitutional tax immunity.

REECo contends that it is exempted from Nevada sales tax, noting that NRS 372.105 imposes sales tax only on "retailers" selling tangible personal property. NRS 372.055(1)(a) defines a "retailer" as "every seller who makes any retail sale or sales of tangible personal property, and every person engaged in the business of making retail sales at auction of tangible personal property owned by the person or others." The statute further provides that "person" shall include "any individual, firm, . . . corporation, . . . *but shall not include the United States,* this state or any agency thereof, or any city, county, district or other political subdivison of this state." NRS 372.040 (emphasis added). We conclude that "others" in NRS 372.055(1)(a) ("every person engaged in the business of making retail sales at auction of tangible personal property owned by the person or others") is intended to refer to other *persons. See* Wilshire Westwood Assoc. v. Atlantic Richfield Corp., 881 F.2d 801, 804 (9th Cir. 1989) (doctrine of "last antecedent" provides that qualifying words, phrases and classes must be applied only to words immediately preceding them).

Specifically excluding government entities from its definition of "person," the legislature clearly set them apart from other entities. By selecting to use the term "person" in defining a "retailer," the legislature exempted sales of government property, including that owned by the United States, from state sales tax liability.

REECo does not sell its own property, but sells property of the United States. The United States is not a "person" or an "other" as defined in NRS 372.040. Therefore, REECo is not a retailer within the meaning of the state sales tax statute. Because REECo is not a retailer when it sells United States property at auction, the Department is without statutory authority to levy sales tax on these sales.[1]

---

[1] Due to our determination that sales tax is inappropriate in this instance, this court need not reach REECo's contention that imposing Nevada sales tax on its sale of United States property would violate the Supremacy Clause. U.S. Const. art. VI, cl. 2.

We, therefore, reverse the judgment of the district court and remand for entry of judgment consistent with this opinion.

SHEARING, J., dissenting:

I would affirm the judgment of the district court. I do not agree with the majority's interpretation of NRS 372.055.

It appears to me that Reynolds Electrical & Engineering Co. is a retailer within the definition of retailer set forth in NRS 372.055 in that it was "engaged in the business of making retail sales at auction of tangible personal property owned by the person or others." The majority seems to believe that "others" is somehow limited by the definition of "person" in NRS 372.040. The rule of construction referred to by the majority as the doctrine of last antecedent does not apply here. The doctrine of last antecedent clause applies to qualifying phrases which follow the series to be interpreted. There is no qualifying phrase following "others." There is nothing else in the statute which limits the definition of "others" and there is no question that REECo was making retail sales of the property of others. REECo is therefore subject to the tax.